IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

THOMAS MONROE CARTER, :
:
    Plaintiff, :
:
: Civil Action No.
: 5:09-CV-131 (HL)
v. :
:
GEORGIA DEPT. OF :
CORRECTIONS, et al., :
:
    Defendants. :
_____ :

## ORDER

Before the Court is the Recommendation (Doc. 5) entered on January 26, 2010, of United States Magistrate Judge Claude W. Hicks, Jr., in which the Magistrate Judge recommends that Plaintiff's complaint against the Georgia Department of Corrections, Johnson State Prison, the Medical College of Georgia, and James E. Donald be dismissed.

Plaintiff has filed an objection (Doc. 14). Pursuant to 28 U.S.C. § 636(b)(1), the Court has thoroughly considered Plaintiff's objection and has made a de novo determination of the portion of the Recommendation to which he objects. After close consideration, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge.

Because Plaintiff's objection raises an issue not thoroughly explained by the Magistrate Judge and an additional issue not presented to the Magistrate Judge, the

Court provides in this Order an explanation for why it adopts the Magistrate Judge's Recommendation.

Plaintiff's complaint alleges that while incarcerated at Johnson State Prison, the defendants denied him medical treatment for his glaucoma, which caused his him to become blind. In his objection, Plaintiff contends that the Georgia Department of Corrections, Johnson State Prison, and the Medical College of Georgia are considered "persons" within the meaning of 42 U.S.C. § 1983 and the Americans With Disabilities Act ("ADA") and should be not dismissed from his case.

The Georgia Department of Corrections, Johnson State Prison, and the Medical College of Georgia are considered arms of the state. Therefore, the Eleventh Amendment protects these defendants from Plaintiff's § 1983 suit. See Stevens v. Gay, 864 F.2d 113, 115 (11th Cir. 1989) (explaining that in plaintiff's § 1983 action "[t]he Eleventh Amendment bars this action against the Georgia Department of Corrections); Padgett v. Ferrero, 294 F. Supp. 2d 1338, 1341 (N.D. Ga. 2003) ("The Eleventh Amendment bars suit against states and those entities which are arms of the state. An entity is an arm of the state when the relief sought against the named defendant would actually operate against the state if granted.") (citations omitted); Marzec v. Toulson, No. CV 103-185, 2007 WL 1035136, at *3 (S.D. Ga. Mar. 30, 2007) (stating that courts have found that the Medical College of Georgia, as the Board of Regents of the University System of Georgia, is an arm of the state).

As for Plaintiff's reference to the ADA, it is correct that Title II of the ADA

abrogates Eleventh Amendment immunity for state entities. United States v. Georgia, 546 U.S. 151, 159,126 S. Ct. 877, 882,163 L.Ed.2d 650 (2006). To state a Title II ADA prima facie case, a plaintiff must show that a public entity discriminated against him on the basis of his qualifying disability.[1] 42 U.S.C. § 12132.

Here, Plaintiff's complaint alleges inadequate medical treatment of his glaucoma, but it does not allege that he suffered any discrimination on the basis of his glaucoma nor does his complaint allege facts sufficient to show that the defendants denied him access to medical treatment "by reason of" his alleged disabilities. He therefore has failed to state an ADA claim.

For these reasons and the reasons stated in the Magistrate Judge's Recommendation, Defendants Georgia Department of Corrections, Johnson State Prison, and the Medical College of Georgia are dismissed from Plaintiff's action. Defendant James E. Donald is dismissed for the reasons stated in the Magistrate Judge's Recommendation.

**SO ORDERED**, this the 12th day of May, 2010.

/s/ Hugh Lawson
**HUGH LAWSON, SENIOR JUDGE**

lmc

---

[1] A public entity includes "any State or local government" and "any department, agency, . . . or other instrumentality of a State. . . . ." 42 U.S.C. § 12131(1). State prisons are considered public entities. Georgia, 546 U.S. at 154,126 S. Ct. at 879.