IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| THOMAS MONROE CARTER,<br><br>               Plaintiff<br>VS.<br><br>CALVIN RAMSEY, *et al.*,<br><br>               Defendants | NO. 5:09-CV-131 (HL)<br><br>PROCEEDINGS UNDER 42 U.S.C. §1983<br>BEFORE THE U. S. MAGISTRATE JUDGE |

# RECOMMENDATION

Before the court is a motion seeking dismissal filed by defendants Calvin Ramsey, Dr. Hale Burnside, and Alexis Chase. Tab #15. Therein, these defendants contend that plaintiff Thomas Monroe Carter has failed to state a claim, failed to timely file this action in accordance with the applicable period of limitations, and failed to exhaust his administrative remedies. The defendants also assert entitlement to Eleventh Amendment and qualified immunity. Following receipt of this motion, the undersigned ordered and directed the plaintiff to file a response. Tab #16. The plaintiff timely filed a response (Tab #17) to which the defendants replied (Tab #18). Plaintiff Carter then filed a sur-reply (Tab#21), however, because the plaintiff failed to seek and/or secure leave to file a sur-reply, consideration of his sur-reply is inappropriate. The defendants' motion seeking dismissal is now ripe for review.

## FACTUAL AND PROCEDURAL BACKGROUND

In his complaint, plaintiff Carter alleges medical deliberate indifference regarding the defendants' provision and/or withholding of treatment for a diagnosed condition of glaucoma. Tab #1. More specifically, he contends that, despite the seriousness of his condition, he was denied necessary surgery and was instead given only experimental and ineffective medication in the form of eye drops. As a result, he asserts that he has become blind. As for the responsible parties, plaintiff has named the Georgia Department of Corrections, Johnson State Prison, Calvin Ramsey, Alexis Chase, Hale Burnside, James E. Donald, and the Medical College of Georgia as defendants. For damages, he demands an initial lump-sum payment of one-million-dollars ($1,000,000) as well as an unspecified amount of funds to pay for all of his "after-prison-release" expenses.

Following an initial review, the undersigned recommended dismissal of defendants Georgia Department of Corrections, Johnson State Prison, and the Medical College of Georgia on the basis of Eleventh Amendment Immunity and dismissal of defendant James E. Donald on the basis of the plaintiff's failure to make any allegations against defendant Donald in the complaint. Tab #5. This recommendation was subsequently adopted by the district judge. Tab #22. Following service, and in response to the plaintiff's claims, the defendants filed the instant motion seeking dismissal.

## LEGAL STANDARDS

A complaint is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6), if it does not "state a claim upon which relief can be granted." When ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), all factual allegations in the complaint must be accepted as true, with all reasonable inferences construed in the light most favorable to the plaintiff. *Wagner v. Daewoo Heavy Industries America Corp.*, 289 F.3d 1268, 1270 (11th Cir. 2002), *vacated on other grounds*, 298 F.3d 1228 (11th Cir. 2002); *See also*, *Beck v. Deloitte & Touche*, 144 F. 3d 732, 735 (11th Cir. 1988). Conclusory allegations and unwarranted deductions of fact, however, are not admitted as true. *Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005). Moreover, "[a] complaint is subject to dismissal under Rule 12(b)(6) when its allegations – on their face – show that an affirmative defense bars recovery on the claim." *Marsh v. Butler County, Alabama*, 268 F. 3d 1014, 1022 (11th Cir. 2001) (*en banc*) (citing *Quiller v. Barclays American/Credit, Inc.*, 727 F. 2d 1067, 1069 (11th Cir. 1984) *vacated on petition for rehearing*, *reinstated by* 764 F. 2d 1400 (11th Cir. 1985)).

## DISCUSSION

Among the many defenses contained in the defendants' motion seeking dismissal is their contention that the plaintiff has failed to sufficiently state a claim under 42 U.S.C. § 1983. In support of this assertion, they begin by correctly noting that § 1983 provides a private cause of action for persons whose rights under the federal constitution have been violated under color of state law. The defendants go on to state that in order to establish a § 1983 violation, a plaintiff must show that conduct was committed by a person acting under color of state law and that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988).

In light of this standard, the defendants admitted that, for purposes of this action, they were acting under the color of law as employees of the State of Georgia. Consequently, they argue that the only remaining issue is whether or not their conduct, as alleged by plaintiff Carter, deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. The defendants' position is that it did not. The undersigned agrees.

After a careful review of the plaintiff's complaint, the undersigned observes that the only mention of defendants Hale Burnside and Alexis Chase therein appears in the plaintiff's response to a section of the Questionnaire for Prisoner's Proceeding Pro Se Under 42 U.S.C. § 1983 directing him to list the name, official position, and place of employment of each defendant. With respect to defendant Ramsey, and in addition to listing him as a defendant in the section of the questionnaire referenced above, plaintiff Carter identifies defendant Ramsey as the person to whom he appealed a grievance. The remainder of the complaint is devoid of <u>any</u> reference or accusation concerning any of the individual defendants. Furthermore, a thorough review of the plaintiff's response to the defendants' motion seeking dismissal, while considerably more detailed, yields a similar result. That is, apart from the possible inclusion of one or more of the defendants in the plaintiff's unsupported and connclusory accusations leveled against "GDOC personnel and medical contractors and subcontractors," no reference to or description of any allegedly violative or other conduct on the part of the defendants can be found.

## **CONCLUSION**

In view of the above, and after accepting all of the factual allegations in the complaint as true, with all reasonable inferences construed in the light most favorable to the plaintiff, it appears that, despite ample opportunity, the plaintiff has failed to sufficiently state a claim upon which relief can be granted against any of the defendants. For this reason, **IT IS RECOMMENDED** that the defendants' motion seeking dismissal be **GRANTED** and that this action be **DISMISSED**.[1]

---

[1] The undersigned is aware that the defendants raised several other arguments in support of their motion seeking dismissal, however, given the overwhelmingly insufficient nature of the plaintiff's pleadings, and in the interest of judicial efficiency, the undersigned believes that further consideration of these alternative arguments is unnecessary.

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

The Clerk is directed to serve plaintiff at the **LAST ADDRESS** provided by him.

**SO RECOMMENDED,** this 26th day of MAY, 2010.



                                CLAUDE W. HICKS, JR.
                                UNITED STATES MAGISTRATE JUDGE