# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| **THOMAS MONROE CARTER**, | : | |
| Plaintiff, | : | |
| v. | : | **Civil Action No. 5:09-CV-131(HL)** |
| **CALVIN RAMSEY**, *et al.* | : | |
| Defendants | : | |

## ORDER

Before the Court is Plaintiff Thomas Carter's ("Plaintiff") Motion for Relief from Order and Judgment (Doc. 32), Motion to Appoint Counsel (Doc. 29), and Motion to Stay All Pertinent Time Limitations (Doc. 30). For the reasons stated herein, Plaintiff's Motions are hereby denied.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiff filed this action alleging that his Eighth Amendment rights were violated because of medical deliberate indifference in the treatment of his glaucoma at Johnson State Prison and Men's State Prison. (Doc. 1). On March 26, 2010, Defendants Calvin Ramsey, Dr. Edward Burnside, and Alexis Chase ("Defendants") filed a Motion to Dismiss Plaintiff's claims. (Doc. 15). The Magistrate Judge recommended dismissal of Plaintiff's claims based on Plaintiff's failure to state a claim upon which relief can be granted. (Doc. 24). On June 14, 2010, this Court adopted

the findings of the Magistrate Judge, granted Defendants' Motion to Dismiss, and entered Judgment in favor of Defendants. (Docs. 26, 27). Plaintiff now seeks relief, pursuant to Federal Rule of Civil Procedure 60(b) & (d), from the Order dismissing his claims and the Judgment entered in favor of Defendants. (Doc. 32). Defendants filed a Response to Plaintiff's Motion for Relief from Order and Judgment. (Doc. 33).

## II.　ANALYSIS

Plaintiff alleges "excusable neglect" and "fraud" as the bases for which the Court should grant his Motion for Relief from Order and Judgment. (Doc. 32).

### A. Whether Plaintiff has demonstrated excusable neglect

Rule 60(b)(1) allows the court to set aside an order, final judgment, or proceeding for excusable neglect. In order to set aside a judgment on the basis of excusable neglect, a district court must consider (1) the danger that the neglect caused prejudice; (2) the length of delay resulting from the neglect and its potential impact on judicial proceedings; (3) the reason for the delay; and (4) whether the party guilty of neglect acted in good faith. Williams v. Delgado, 7:04-CV-20, 2006 WL 2793161, *2 (M.D. Ga. Sept. 26, 2006) (Lawson, J.) Plaintiff does not allege the elements for such a claim for relief; rather, Plaintiff alleges that the Court committed excusable neglect by denying Plaintiff's requests for appointment of counsel. (Doc. 32). Plaintiff also mentions his blindness and his lack of

legal knowledge as reasons for excusable neglect. (Doc. 32). However, the basis of the claim must be excusable neglect by the moving party, not the Court. See Williams, 2006 WL 2793161 at *2. (Evaluating the conduct of a party, not the Court, when applying the excusable neglect standard). Moreover, Plaintiff's blindness and lack of legal knowledge are not bases to grant Plaintiff the relief he is seeking because there is no evidence that Plaintiff neglected his case because of his blindness or lack of legal knowledge. Therefore, Plaintiff has failed to demonstrate excusable neglect.

**B. Whether Plaintiff has demonstrated fraud**

Rule 60(b)(3) of the Federal Rules of Civil Procedure allows the Court to set aside an order, final judgment, or proceeding based on fraud. To prevail on a 60(b)(3) motion, the movant must "prove by clear and convincing evidence that an adverse party has obtained the verdict through fraud, misrepresentation, or other misconduct." Cox Nuclear Pharmacy, Inc. v. CTI, Inc., 478 F.3d 1303, 1314 (11th Cir. 2007). "Additionally, the moving party must show [] that the conduct prevented the losing party from fully and fairly presenting his case or defense." Id. (citation omitted).

Plaintiff alleges that Defendants have committed one or more acts of fraud on the Court by including Pearline Mosley's affidavit, which allegedly contained misrepresentations, in their Motion to Dismiss. (Doc. 32). Ms.

Mosley as Grievance Coordinator testified as to Plaintiff's grievances and the grievance process in general. (Doc. 15, Exhibit A). The Court's Order and Judgment were based on the Plaintiff's failure to state a claim upon which relief can be granted, not Plaintiff's failure to exhaust his administrative remedies. (Docs. 24 & 26). The Defendants used her testimony to support their defense that Plaintiff failed to exhaust his administrative remedies for his claims prior to filing this action. (See Doc. 15, Exhibit A). As a result, even if Ms. Mosley's testimony was fraudulent, Plaintiff cannot establish by clear and convincing evidence that Defendants obtained the verdict through fraud because Ms. Mosley's testimony did not affect the Court's decision in this action. Accordingly, because Plaintiff has failed to meet the first requirement of a 60(b)(3) motion, and cannot, therefore, demonstrate fraud under 60(b)(3), the Court does not need to consider whether the conduct prevented Plaintiff from fully and fairly presenting his case.

Rule 60(d) of the Federal Rules of Civil Procedure permits the Court to set aside a ruling based on fraud on the Court. The standard for relief pursuant to Rule 60(d) of the Federal Rules of Civil Procedure is quite high. Hilton v. United States, 5:01-CR-7, 2010 WL 2076922, *1 (M.D. Ga. May 24, 2010) (Lawson, J.) The Eleventh Circuit has stated:

> Fraud upon the court…embrace[s] only that species of fraud which does or attempts to defile the court itself or is a fraud perpetrated by officers of the court so that the judicial

4

machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication.

Zakrzewski v. McDonough, 490 F.3d 1264, 1267 (11th Cir. 2007).

Because of the high standard for relief under Rule 60(d) and the absence of any reliance by the Court on the allegedly fraudulent statements, the Plaintiff is unable to show the level of fraud sufficient for relief under 60(d).

### III. CONCLUSION

In view of the forgoing, the Court finds that relief from Order and Judgment is not appropriate under either Rule 60(b) or Rule 60(d). Plaintiff's Motion for Relief from Order and Judgment is hereby denied. Plaintiff's Motion to Appoint Counsel (Doc. 29) and Motion to Stay All Pertinent Time Limitations (Doc. 30) are denied as moot because, based on this ruling, Plaintiff no longer has any pending legal claims in this action.[1]

**SO ORDERED**, this the 7th day of October, 2010.

*s/ Hugh Lawson*

**HUGH LAWSON, SENIOR JUDGE**

wcj

---

[1] Alternatively, the Court denies Plaintiff's Motion to Appoint Counsel because Plaintiff has consistently demonstrated competency in presenting the merit of his position to the Court. As a result, there is no reason to appoint counsel at this time.